UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES L. NORWOOD,
a/k/a CHELSY NORWOOD,

                        Plaintiff,

        v.                                          Case No. 18-C-1338

DR. KALLAS and
TRANSGENDER COMMITTEE,

                        Defendants.

## SCREENING ORDER

Plaintiff Charles Norwood, also known as Chelsy Norwood, who is currently serving a state prison sentence at Waupun Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*), along with a certified copy of Plaintiff's prison trust account statement.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds

both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Plaintiff has accumulated at least three strikes in the following cases: *Norwood v. Hamblin*, No. 04-cv-854-bbc (W.D. Wis. Dec. 2, 2004); *Norwood v. Hamblin*, No. 04-cv-846-bbc (W.D. Wis. Nov. 24, 2004); and *Norwood v. Hamblin*, No. 04-cv-813-bbc (W.D. Wis. Nov. 24, 2004). Because Plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the court will deny Plaintiff's motion for leave to proceed without prepayment of the filing fee unless Plaintiff is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782).

Plaintiff asserts the defendants were deliberately indifferent to Plaintiff's gender dysphoria when they refused Plaintiff's request for laser hair removal, electrolysis, and the use of light makeup in Plaintiff's cell. Plaintiff claims Plaintiff is in imminent danger because the defendants' refusal causes Plaintiff to experience suicidal ideation. The court concludes Plaintiff's allegations do not meet the imminent danger requirement.

Not "all threats of self-harm by . . . prisoners permit them to proceed *in forma pauperis*." *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). In *Sanders*, the plaintiff, who had acquired three strikes under § 1915(g), asserted his long-term solitary confinement violated the Constitution and alleged that his mental illness and prolonged segregation predisposed him to self-harm. He claimed medical staff ignored the mental health problems of inmates in solitary confinement unless they harmed themselves and alleged that a future attempt of self-harm was imminent unless he was released from solitary confinement or was provided mental health care. *Id.* at 960. The Seventh Circuit found that the plaintiff's allegations satisfied the imminent-danger exception of § 1915(g). The court explained, "When the prospect of self-harm is a consequence of the condition that prompted the suit, a court should treat the allegation (if true) as imminent physical injury." *Id.* The court concluded that the potential self-harm that the plaintiff alleged may "be caused by the complained-of conduct" and remanded the case to determine whether the plaintiff's allegations of imminent harm were true. *Id.*

In this case, Plaintiff's allegations of self-harm are not caused by the complained-of conduct but rather Plaintiff's disagreement with the defendants' treatment decisions. In the absence of evidence of a severe mental illness that has robbed the inmate of their faculties, Plaintiff's allegations only serve as an attempt to manipulate the court and to subvert the three-strikes bar of § 1915(g). *See Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 888 (E.D. Wis. 2006) ("The law assumes that, absent serious mental illness or other form of incapacity, a person has free will and is therefore responsible for his own intentional acts."). Accordingly, the court will deny Plaintiff's motion for leave to proceed without prepayment of the filing fee.

The fact that this court is denying Plaintiff's request to proceed without prepayment of the filing fee means that the full filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Plaintiff pays the full filing fee within 14 days, the court will screen the complaint under 28 U.S.C. § 1915A. Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within 14 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Plaintiff's failure to comply with this order will result in dismissal of this case.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Plaintiff is confined.

Dated this  31st  day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

4